IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RANDALL TULLY QUINN, | : |
| Petitioner, | : |
| v. | : Case No. 5:24-cv-163-TES-AGH |
| Warden CURTIS CARTER, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner Randall Tully Quinn, an inmate currently confined at Johnson State Prison in Wrightsville, Georgia, filed a *pro se* application for habeas corpus seeking relief under 28 U.S.C. § 2254 (ECF No. 1). Before the Court is Respondent Warden Curtis Carter's motion to dismiss Petitioner's habeas application as untimely (ECF No. 9). For the reasons stated below, the Court recommends that Respondent's motion be granted, and Petitioner's habeas application be dismissed.

### BACKGROUND

In July 2015, a jury found Petitioner guilty of one count of aggravated child molestation and four counts of child molestation. On July 16, 2015, the Superior Court of Putnam County, Georgia, sentenced Petitioner to life imprisonment on the count of aggravated child molestation and twenty years imprisonment for each of the four counts of child molestation, with all counts to run concurrently. Resp't's Ex. 1, ECF No. 10-1. After the first thirty years, the remainder of the sentence was to be served on probation. *Id.* at 1-2. Petitioner appealed, but the Court of Appeals of

Georgia affirmed his conviction and sentence on June 26, 2020. Resp't's Ex. 2, ECF No. 10-2.

Petitioner then filed a petition for writ of habeas corpus in the Superior Court of Wheeler County, Georgia, on February 16, 2021, and he amended the petition on April 6, 2021. Resp't's Ex. 3, ECF No. 10-3; Resp't's Ex. 4, ECF No. 10-4. Following an evidentiary hearing on Petitioner's state habeas petition on February 21, 2022, the state habeas court denied the petition on June 16, 2023. Resp't's Ex. 5, ECF No. 10-5. On March 27, 2024, the Supreme Court of Georgia dismissed Petitioner's appeal of the denial of his state habeas petition as untimely because he was one day late in filing the required notice of appeal and he did not file an application for a certificate of probable cause. Resp't's Ex. 6, ECF No. 10-6.

Petitioner filed his federal application for a writ of habeas corpus on March 26, 2024.[1] Pet. for Writ of Habeas Corpus, ECF No. 1. Respondent answered and moved to dismiss Petitioner's habeas application as untimely. Resp't's Resp., ECF No. 8; Resp't's Mot. to Dismiss, ECF No. 9. Despite being notified of his obligation to respond to the motion to dismiss (ECF No. 11), Petitioner did not file a response. Respondent's motion is ripe for review.

---

[1] Although the Court did not receive Petitioner's motion until May 28, 2024, Petitioner signed the motion on March 26, 2024. Pet. for Writ of Habeas Corpus 14, ECF No. 1. "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.* Respondent's motion to dismiss correctly applies this rule. Resp't's Br. in Supp. of Mot. to Dismiss 2, ECF No. 9-1.

## DISCUSSION

Respondent moves to dismiss Petitioner's habeas petition as untimely filed. Resp't's Br. in Supp. of Mot. to Dismiss ("Resp't's Br.") 2-6, ECF No. 9-1. Petitioner did not respond to the motion to dismiss.[2] The Court agrees that Petitioner's petition is untimely and recommends its dismissal.

### I. The Applicable Limitations Period

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") primarily to "eliminate delays in the federal habeas review process." *Holland v. Florida*, 560 U.S. 631, 648 (2010); *see also Hohn v. United States*, 524 U.S. 236, 264-65 (1998) (Scalia, J., dissenting) ("The purpose of AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisprudence."). AEDPA instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[2] To the extent that the September 12, 2024, letter filed by Petitioner can be construed as a response, it does not address the question before the Court: whether his federal petition was timely filed. *See* Letter 2, Sept. 12, 2024, ECF No. 13 ("Petitioner request[s] the enacting clause for the motion to dismiss").

28 U.S.C. § 2244(d). The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* § 2244(d)(1)(A). To determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (alterations in original) (internal quotation marks and citation omitted).

## II. Petitioner's Habeas Petition

### A. Petitioner's habeas petition is untimely.

Respondent contends Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d). Resp't's Br. 2. Petitioner was sentenced on July 16, 2015. Resp't's Ex. 1 at 1. The Georgia Court of Appeals affirmed Petitioner's conviction and sentence on June 26, 2020. Resp't's Ex. 2. Under Georgia law, Petitioner had twenty days from that date to seek certiorari in the Supreme Court of Georgia before his convictions became final. *See* Ga. Sup. Ct. R. 38; *see also Stubbs v. Hall*, 308 Ga. 354, 363 (Ga. 2020). Petitioner did not move for rehearing or file a certiorari petition, and his conviction became final on July 16, 2020. Resp't's Br. 3-4; *see also* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner then filed his *pro se* state habeas petition on February 16, 2021. Resp't's Ex. 3. When Petitioner filed his state habeas petition, he had allowed 215

4

days of time to lapse before he filed the petition, which then tolled the remaining portion of the one-year limitations period. 28 U.S.C. § 2244(d)(2). The Superior Court of Wheeler County denied the state habeas petition on June 16, 2023. Resp't's Ex. 5. He then had thirty days—or before July 17, 2023—to file a notice of appeal in the state habeas court <u>and</u> file a certificate of probable cause application in the Georgia Supreme Court. O.C.G.A. §§ 9-14-52(b), 1-3-1(d)(3). According to the Georgia Supreme Court, Petitioner filed a notice of appeal in the state habeas court one day late, and he did not file an application for a certificate of probable cause in the Georgia Supreme Court. Resp't's Ex. 6. As a result, Petitioner's appeal of the denial of his state habeas petition was dismissed. *Id.* Consequently, the remaining one-year limitations period began running again on July 17, 2023, with only 150 days remaining for Petitioner to file a federal habeas petition.

Petitioner filed his federal habeas petition on March 26, 2024—103 days after the limitations period passed on December 14, 2023. Pet. for Writ of Habeas Corpus 14. Therefore, this Court lacks jurisdiction because Petitioner's habeas application is untimely. Respondent's motion to dismiss should be granted unless Petitioner can show that the limitations period should be tolled.

    B.    <u>Petitioner is not entitled to equitable tolling.</u>

The one-year AEDPA limitations period "is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645. To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*

at 649 (citation omitted). Tolling is, however, "an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen., Fla.*, 795 F.3d 1286, 1291 (11th Cir. 2015) (citation omitted). Petitioner bears the burden of establishing equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). Because Petitioner did not respond to the motion to dismiss and did not address equitable tolling, the Court finds that Petitioner fails to carry his burden to establish equitable tolling. As a result, Respondent's motion to dismiss should be granted.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard, and therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons stated above, it is recommended that Respondent's motion to dismiss (ECF No. 9) be **GRANTED** and Petitioner's habeas application be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objection to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation must be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 10th day of January, 2025.

        s/ *Amelia G. Helmick*
        UNITED STATES MAGISTRATE JUDGE